# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VIRGINIA JAYNE GEORGE** | * |
| | * |
| v. | *   Civil Case No. 14-105-JFM |
| | * |
| **COMMISSIONER OF SOCIAL SECURITY** | * |
| | * |

************

## MEMORANDUM OPINION

**I. Introduction**

Plaintiff, Virginia Jayne George ("Plaintiff"), brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Parties have filed cross-motions for summary judgment. For the following reasons, Plaintiff's Motion for Summary Judgment (Docket No. 8) will be DENIED, and the Commissioner's Motion for Summary Judgment (Docket No. 10) will be GRANTED.

**II. Procedural History**

On May 12, 2011, Plaintiff filed applications for DIB and SSI.[1] (R. 215-22). The applications were denied on October 25, 2011. (R. 146-55). Plaintiff filed a timely request for an administrative hearing. (R. 156-57). Administrative Law Judge ("ALJ") James J. Pileggi held a hearing on October 15, 2012. (R. 47-69). Plaintiff appeared with counsel and testified on her own behalf. *Id.* An impartial vocational expert ("VE") also testified at the hearing. (R. 64-68).

---

[1] The record also contains information about and references to prior applications for benefits filed by Plaintiff. *See, e.g. (*R. 209-14 (prior applications); 70-85 (prior ALJ decision)).

**III. Statement of the Case**

In a decision dated November 14, 2012, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2012.

2. The claimant has not engaged in substantial gainful activity since September 15, 2010, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: peroneal tendonitis, arthralgia, chronic pain with left foot strain, left neck strain and left shoulder strain, diabetes mellitus with peripheral neuropathy, bipolar disorder, obsessive-compulsive disorder, post-traumatic stress disorder, generalized anxiety disorder, depression, and polysubstance abuse (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: she is limited to simple, repetitive tasks with routine work settings and processes; she is limited to jobs that do not involve high stress, which is defined as high-quotas or close attention to quality production standards; she can have no more than incidental interaction with the public; and she must have close proximity to restroom facilities.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on July 18, 1968 and was 42 years old, which is defined as a

younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 15, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

**IV. Standard of Review**

This Court reviews the file to determine whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court does not conduct a *de novo* review of the Commissioner's decision, and does not re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-1191(3d Cir. 1986). Congress expressly intended that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is defined not as "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations

3

and internal quotation marks omitted). A decision supported by substantial evidence must be upheld even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citations omitted).

To establish disability, a claimant must prove a "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988) (citing *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is unable to perform substantial gainful activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)).

An ALJ is required to make specific findings of fact to support his conclusions. *See Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The ALJ must consider the entire record and must provide adequate explanations for disregarding or rejecting certain evidence. *See Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rule making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court has summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability

unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

Where a claimant seeks review of an administrative determination, the Agency's decision cannot be affirmed on a ground other than that actually relied upon by the Agency in making its decision. The Supreme Court has explained:

When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Sec. & Exch. Comm'n v. Chenery Corp.,* 332 U.S. 194, 196 (1947); *see also Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001) (applying the same principles in the Social Security disability context).

**V. Discussion**

On appeal, Plaintiff contends that the ALJ made a variety of errors in the assignment of weight to various medical sources. Specifically, Plaintiff contends that the ALJ assigned too little weight to the opinions of three consultative examiners, two state agency physicians, and her

5

primary treating physician, Dr. Silko. As noted above, this Court does not re-weigh the evidence of record, so the sole question is whether the ALJ's assignments of weight were supported by substantial evidence.

Turning first to Plaintiff's mental health impairments, the ALJ made four assignments of weight: "some weight" to the opinion of the state agency physician, Dr. Milke, "little weight" to the opinion of consultative examiner Dr. Ransom, "little weight" to the opinion of consultative examiner Dr. Bailey, and "little weight" to the GAF scores of 45 assigned by Plaintiff's treating psychiatrist. (R. 36-37). Although each of the medical sources opined that Plaintiff would have "marked" or "moderate to marked" difficulty in certain functional areas, each medical source found the primary difficulty to be with different functions. Moreover, overall, the ALJ cited to substantial evidence discounting the difficulties alleged by Plaintiff. For example, the ALJ notes that Plaintiff repeatedly reported to examiners that her hygiene is poor, but that treatment notes do not contain corroborating findings. (R. 36-37). The ALJ further notes that despite her allegations of an inability to interact with the public, Plaintiff spends time in a community garden. (R. 37). Finally, the ALJ notes that the treatment records showed that Plaintiff's symptoms improved when she is compliant with her medication, and that Plaintiff has generally refused therapy but has had no hospitalizations for mental health symptoms since her alleged onset date. *Id.* Accordingly, while there is also some evidence in the record that could be marshaled to support a finding of disability, the ALJ cited substantial evidence to support his assignments of some or little weight to the opinions of the medical sources considering Plaintiff's mental health.

As for Plaintiff's physical impairments, the ALJ assigned "some weight," not "no weight," to the opinion of Dr. Fox, a state agency reviewing physician. Dr. Fox's opinion supported the ALJ's assessment that Plaintiff would be capable of sedentary work. (R. 99-101)

(concluding that Plaintiff can lift and carry twenty pounds frequently and ten occasionally, stand/walk for three hours in an eight hour day). The ALJ's disagreement with Dr. Fox's opinion pertained solely to the ALJ's conclusion that Plaintiff would be capable of more frequent posturals than assessed by Dr. Fox, and would not require environmental limitations. (R. 37-38). Given the limitation to sedentary work, neither of those disagreements had a material impact on the availability of representative positions. *See* SSR 85-15 (noting that, as long as a person is capable of occasional stooping, the sedentary "occupational base if virtually intact," and noting that minimal environmental restrictions similarly do not have significant effects on work).

The ALJ also assigned "little weight" to the consultative examination report from Dr. Kalata and to the statements and opinions from Plaintiff's treating physician, Dr. Silko. (R. 38). However, the ALJ cited to ample evidence from the record to support those assignments. For example, the ALJ correctly noted that Dr. Kalata had opined that Plaintiff would have limitations in her ability to reach, handle, and perform postural maneuvers, but had, upon examination, determined that Plaintiff had full grip strength and normal motion and gait. (R. 38, 605). While both Dr. Kalata and Dr. Silko opined that Plaintiff would be unable to sit for the length of time required for sedentary work, the ALJ noted that Plaintiff's diagnostic testing had found no significant musculoskeletal limitations, no neuropathy, and no radiculopathy. (R. 38). Moreover, the ALJ cited Plaintiff's limited treatment for her physical symptoms, her persistent rejection of physical therapy, and the absence of any surgeries or extended hospitalizations for physical symptoms. *Id.* In total, the evidence reviewed by the ALJ provides substantial evidence supporting the assignment of "little weight" to Drs. Kalata and Silko, particularly given Dr. Fox's opinion, which comports with the ALJ's RFC assessment on the material points.

**VI. Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment will be GRANTED and Plaintiff's Motion for Summary Judgment will be DENIED. An appropriate Order follows.


Dated: November 26, 2014                              /s/*J. Frederick Motz*
                                                                    J. Frederick Motz
                                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VIRGINIA JAYNE GEORGE** | * |
| **v.** | * Civil Case No. 14-105-JFM |
| **COMMISSIONER OF SOCIAL SECURITY** | * |

## **ORDER**

For the reasons stated in the accompanying memorandum opinion, it is, this 26th day of November, 2014 ORDERED that

(1) Plaintiff's Motion for Summary Judgment (Docket No. 8) is DENIED;

(2) the Commissioner's Motion for Summary Judgment (Docket No. 10) is GRANTED;

(3) the Clerk is directed to CLOSE this case; and

(4) final judgment of this Court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    /s/*J. Frederick Motz*
    J. Frederick Motz
    United States District Judge